Rutland,
January,
1839.

Edward Dyer *v.* Daniel Lincoln, Jr.

*(In Chancery.)*

On a bill of foreclosure, the defence of usury must be set up by way of plea, and if insisted on in the answer, it must be proved—not by the answer—but by evidence *aliunde.*

Where sundry small notes against different persons, of little or no value, are made the part consideration of another note, as a shift and with an intent of reserving more than six per cent interest, on the money actually loaned, the whole transaction is usurious.

Where the defence is to operate by way of forfeiture of a debt, clear, explicit and satisfactory evidence should be required.

This was a bill to foreclose the equity of redemption in certain real estate, mortgaged by the defendant to the orator, to secure the payment of a note for the sum of one hundred and fifty dollars, dated 12 May 1835, and payable on the 1st day of April then next, with interest.

The defendant's answer admitted the execution of the note and mortgage, but alleged and insisted by way of defence to the bill, that the consideration of the note was usurious, the orator having in fact paid the defendant only $134 and having made up the sum of $150 by transferring, by his indorsement without recourse, certain notes of long standing against sundry persons who were utterly bankrupt or had absconded from the state, and that, at the instance of the orator and at the time of the execution of the note and mortgage, the defendant agreed to pay the orator at the rate of twelve per cent. interest on said note.

The character for truth of the witnesses on the part of the defendant, upon whose testimony he relied, as making out the fact of usury, was impeached, and left the proof of that fact resting upon the answer alone.

*E. N. Briggs* and *E. L. Ormsbee,* for orator.

The defence must be made out by other proof than the answer.

The only testimony, which (if believed) would prove the usury, is that of witnesses whose character for truth and veracity is thoroughly impeached.

A court of chancery is not to set aside a note for usury on mere suspicion.

*P. Smith* and *C. Linsley,* for defendant.

I. The mortgage is usurious and void. A person is not

permitted, by any artifice, device or shift, to elude the statute and take more than lawful interest. 1 Swift's Digest, 312, 313. *Bank of U. S.* v. *Owen*, 2 Pet. Rep. 527. 1 do. 27. *Dunham* v. *Gould*, 16 Johns. R. 367. 2 Conn. R. 175. *Hine* v. *Handy*, 1 Johns. Ch. R. 6.

II. The usury is established ;—

1. By the answer, which is responsive to the bill, and consequently, evidence. The answer must be disproved by two witnesses. *McDaniels* v. *Barnum*, 5 Vt. R. 293. *Pierson* v. *Catlin et al.* 3 do. 275 ; and

2. By the testimony.

The opinion of the court was delivered by

BENNETT, Chancellor.—The answer of the defendant discloses very fully such facts as would constitute the transaction usurious ; but it is well settled, that where usury is set up as a defence, it must be by way of plea, and if insisted upon in the answer, it must be proved—not by the answer—but by evidence, *aliunde*.

If the court were satisfied from the evidence, independently of the answer, that the small notes, which were transferred from the orator to the defendant and which were shown to be of little or no value, went to make up a part of the consideration of the one hundred and fifty dollar note, we should have no difficulty in coming to the conclusion that they were made use of as a shift to cover a usurious transaction. But in the present case the defendant's evidence stands very much impeached ; and where the defence is to operate by way of a forfeiture of a debt it is the duty of the court to require clear, explicit and satisfactory evidence. Though the evidence may render it highly probable that the orator's note is usurious, still it is of that character which is not satisfactory to the court. The orator is, of course, entitled to his decree. The master will compute the sum due on the note, and the decree may be drawn up in the usual form.